UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**DENISE M. CALDWELL,**

    **Plaintiff,**

-v-

**BEHR DAYTON THERMAL PRODUCTS, LLC,**

    **Defendant.**

Case No. 3:10-cv-399

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING CALDWELL'S MOTION TO DISMISS HER INTENTIONAL-INFLICTION-OF-EMOTIONAL-DISTRESS CLAIM WITHOUT PREJUDICE (Doc. #6); GRANTING CALDWELL'S MOTION TO REMAND (Doc. #7); REMANDING THIS MATTER TO THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO AND TERMINATING THIS CASE ON THE DOCKET RECORDS OF THIS COURT**

---

Defendant Behr Dayton terminated Caldwell's employment after she became ill and left work to attend to a heart condition. Caldwell then sued Behr Dayton in state court alleging state-law claims of failure-to-accommodate, disability discrimination, wrongful termination and intentional infliction of emotional distress ("IIED"). Behr Dayton removed Caldwell's Complaint to this Court. Caldwell then voluntarily dismissed her IIED claim and moved to remand. None of Caldwell's remaining claims are subject to Section 301 preemption, as argued by Behr Dayton, so her remaining claims are remanded.

Plaintiff Denise M. Caldwell ("Caldwell") initially brought four (4) Claims for Relief against Defendant Behr Dayton Thermal Products, LLC ("Behr Dayton"). (Doc. #3.) The First Claim for Relief is for failure to accommodate in violation of Ohio law. The Second Claim for Relief is for disability discrimination in violation of Ohio Rev. Code §§ 4112.02 and 4112.99.

The Fourth Claim for Relief is for wrongful termination in violation of public policy and the Fifth Claim for Relief is for IIED.[1]

Caldwell's Complaint was filed in the Common Pleas Court of Montgomery County, Ohio. It was timely removed to this Court by Behr Dayton. The removal was based upon this Court having federal question jurisdiction pursuant to 29 U.S.C. § 1331.

On December 1, 2010, Caldwell voluntarily moved to dismiss her Fifth Claim for Relief for IIED without prejudice. (Doc. #6.) The time has run and this Motion is unopposed. It is, therefore, granted. Caldwell's Fifth Claim for Relief for IIED is dismissed without prejudice.

Also on December 1, 2010, Caldwell moved to remand this matter to the Common Pleas Court of Montgomery County, Ohio, for lack of subject matter jurisdiction. (Doc. #7.) Behr Dayton has opposed the remand (doc. #9) and Caldwell has replied (doc. #10). Caldwell's Motion To Remand is thus ripe for decision.

## RELEVANT LEGAL PROVISIONS

The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction. *Gafford v. General Electric Co.,* 997 F.2d 150, 155 (6th Cir. 1993). Further, a defendant may only remove state court actions that originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal. *Harper v. AutoAlliance International, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). However, when all federal claims are dismissed, whether pendant state claims should be remanded to state court is a question of judicial discretion and not of subject matter

---

[1] The original Verified Compliant does not include a Third Claim for Relief.

jurisdiction. *Id.* at 211.

In this case, Behr Dayton argues that this Court has federal question jurisdiction over Caldwell's Complaint. A district court has federal question jurisdiction in cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

"Ordinarily the 'well-pleaded complaint' rule governs the presence or absence of federal question jurisdiction." *Hahn v. Rauch*, 602 F. Supp.2d 895, 903 (N.D. Ohio 2008)(citing *Caterpillar*, 482 U.S. at 392). Federal question jurisdiction exists where a well-pleaded complaint establishes either that federal law creates the cause of action or that federal law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808 (1988).

The plaintiff is the master of her or his claim and may avoid federal jurisdiction by relying exclusively on state law. *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003). Further, the existence of a federal defense normally does not create statutory "arising under" jurisdiction. *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 153 (1908). Said another way, "[t]he possibility that federal law might be raised in defense is generally not enough to justify removal to federal court." *Klepsky v. United Parcel Service, Inc.*, 489 F.3d 264, 269 (6th Cir. 2007)(citing *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989)).

However, there is a very limited exception to the well-pleaded complaint rule. A state-law claim may successfully be removed when a federal statute wholly displaces the state-law cause of action through complete preemption. *Beneficial*, 539 U.S. at 8.

In this case, Behr Dayton argues that Caldwell's claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"). The Sixth Circuit uses a two-

part test to decide whether a state-law claim will withstand Section 301 preemption:

> First, courts must determine whether resolving the state-law claims would require interpretation of the terms of the collective bargaining agreement. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law. If the rights were created by the collective bargaining agreement, the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301.

*Mattis v. Massman*, 355 F.3d 902, 906 (6th cir. 2004)(citing *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216-17 (6th cir. 1994)).

If a plaintiff can prove all of the elements of her or his claim without interpretation of the collective bargaining agreement, the claim is independent of the collective bargaining agreement. *DeCoe*, 32 F.3d at 216. Further, neither a tangential relationship to the collective bargaining agreement nor the defendant's assertion of the collective bargaining agreement as an affirmative defense turns an otherwise independent claim into a claim dependent upon the collective bargaining agreement. *Id.* Thus, the court must consider whether the state-law cause of action confers state-law rights on employers or employees independent of any right set forth in the collective bargaining agreement or whether evaluation of the state-law claim is inextricably intertwined with consideration of the terms of the collective bargaining agreement. *Klepsky*, 489 F.3d at 269.

## ANALYSIS

The analysis begins with Caldwell's IIED claim. The IIED claim was present when Caldwell's Complaint was removed and the IIED claim is preempted by Section 301. *See Mattis*, 355 F.3d at 908(a state-law IIED claim is preempted by Section 301).

However, Caldwell's IIED claim has subsequently been dismissed. Thus, whether this

Court retains subject matter jurisdiction over Caldwell's remaining claims turns on whether any of the remaining claims are completely preempted. Since Behr Dayton asserts subject matter jurisdiction over the remaining claims due to Section 301 preemption, this Court must apply the Sixth Circuit's two-part test regarding Section 301 preemption to each of the three remaining claims.

### Reasonable Accommodation and Handicap Discrimination Claims

Caldwell's claims that Behr Dayton failed to provide a reasonable accommodation of her disability by not allowing her to utilize her accrued personal and vacation time for a medically necessary absence. Caldwell also claims that Behr Dayton discriminated against her because of her disability by terminating her employment. Ohio's discrimination law, Ohio Rev. Code § 4112.02(A) provides in relevant part:

> It shall be an unlawful discriminatory practice… for any employers, because of the… disability… of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

Thus, Caldwell's failure-to-accommodate claim and discrimination claim arise under Ohio law and not under the collective bargaining agreement. *See O'Shea v. Detroit News*, 887 F.2d 683, 687 (6th Cir. 1989)(plaintiff's handicap discrimination claims not preempted because the discrimination was prohibited under state law).

To recover under Ohio law for failure-to-accommodate, Caldwell must prove (1) that she was disabled, (2) that she otherwise qualified for the job and (3) that Behr Dayton refused to

make a reasonable accommodation for her disability.[2] *White v. Honda of America Mfg., Inc.*, 241 F. Supp.2d 852, 855 (S.D. Ohio 2003). Caldwell can satisfy all of these elements without interpretation of the collective bargaining agreement.

To recover under Ohio law for disability discrimination, Caldwell must prove that: (1) she was handicapped; (2) Behr Dayton took an adverse employment action against her, at least in part, because she was handicapped; and (3) she, though handicapped, can safely and substantially perform the essential functions of her job. *Witte v. Rippe & Kingston Systems, Inc.*, 358 F. Supp.2d 658, n.2 (S.D. Ohio 2005). Caldwell can satisfy all of these elements without interpretation of the collective bargaining agreement.

Thus, the accommodation and disability-discrimination rights claimed by Caldwell were created by state law and not by the collective bargaining agreement. Further, resolving Caldwell's failure-to-accommodate and disability-discrimination claims would not require interpretation of the terms of the collective bargaining agreement. Therefore, neither Caldwell's failure-to-accommodate claim nor her disability discrimination claim is preempted by Section 301.

### Wrongful Termination

The analysis next turns to Caldwell's wrongful-termination-in-violation-of-public-policy claim. Caldwell claims that the termination of her employment by Behr Dayton violates the public policy of the State of Ohio which prohibits the retaliatory discharge of an employee based on the employee's good faith refusal to expose herself to dangerous conditions in the workplace. As a source of this policy, she cites Ohio Rev. Code §§ 4101.11 and 4101.12 as well as 29

---

[2]The elements of an Ohio failure-to-accommodate claim are the same as the elements of a federal Americans-With-Disabilities-Act claim. *White*, 241 F. Supp.2d at 860.

U.S.C. §§ 651 and 660 and 29 C.F.R. 1977.12.

Thus, Caldwell's wrongful-termination-in-violation-of-public-policy claim arises under Ohio law and not under the collective bargaining agreement. Further, the fact that Caldwell cites a federal statute, in addition to an Ohio statute, containing a public policy is not sufficient to trigger preemption and does not itself provide federal question subject matter jurisdiction. *See Alongi v. Ford Motor Co.*, 386 F.3d 716, 726 (6th Cir. 2004).

To recover under Ohio law for wrongful-termination-in-violation-of-public-policy, Caldwell must show:

> 1. That a clear public policy existed and was manifested in a state constitution, statute or administrative regulation, or in the common law;
>
> 2. That dismissing employees under circumstances like those involved in Caldwell's dismissal would jeopardize the public policy;
>
> 3. Caldwell's dismissal was motivated by conduct related to the public policy; and
>
> 4. Behr Dayton lacked overriding legitimate business justification for the dismissal.

*Himmell v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003). Caldwell can satisfy all of these elements without interpretation of the collective bargaining agreement. *See Green v. Land-O-Sun Dairies, LLC*, No. 3:06 cv 2509, 2007 U.S. Dist. LEXIS 37912 (N.D. Ohio May 24, 2007)(a wrongful-termination-in-violation-of-Ohio-public-policy claim does not require interpretation of the collective bargaining agreement).

Thus, the rights claimed by Caldwell in her Ohio public policy claim were created by state law and not by the collective bargaining agreement. Further, resolving Caldwell's Ohio public policy claim would not require interpretation of the terms of the collective bargaining

agreement. Therefore, Caldwell's Ohio public policy claim is not preempted by Section 301.

## CONCLUSION

Caldwell initially brought four (4) claims for relief. One of those, the IIED claim, has been voluntarily dismissed by her. The remaining three claims are pled based upon Ohio law and are not preempted by Section 301.

Caldwell's Complaint has been on this Court's docket for less than three (3) months. A Preliminary Pretrial Order has not issued and presumably little discovery has been conducted. No substantive motions, other than this one, have been made. In the interest of comity, this Court will exercise its discretion to remand this matter to the Court of Common Pleas of Montgomery County, Ohio.

Thus, Caldwell's Motion To Remand (doc. #7) is GRANTED. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Thirteenth day of January, 2011.

**Thomas M. Rose**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record